JOSEPH MASCOLA *vs.* MARVIN S. MAYNARD ET AL.

MALTBIE, C. J., HAINES, BANKS, AVERY and JENNINGS, Js.

Argued December 6th, 1934—decided January 3d, 1935.

*Charles N. Rodens,* for the appellant (plaintiff).

*Charles S. House,* with whom, on the brief, was *James W. Carpenter,* for the appellees (defendants).

PER CURIAM. The plaintiff brought this action to recover for injuries suffered by reason of coming in contact with an automobile driven by one of the defendants and owned by the other, and from a judgment in favor of the defendants he has appealed. The finding of the trial court, which cannot be corrected in any material respect, presents the following situation: The defendant driver, operating his car from the north at a very moderate speed, was turning from

the highway to the west into the entrance of a gasoline station, cutting the northerly corner. The entrance was about forty-six feet wide. The plaintiff was standing on the shoulder of the road about opposite the middle of the entrance, facing in a southerly direction, talking with another man, Walton, who was facing to the north. The defendant driver did not notice the men until he was within about fifteen feet of them. When he was about opposite them, the plaintiff, as the result of a shout from Walton, jumped or ran backward toward and against the defendants' car. The defendant driver immediately applied his brakes and stopped in about six feet. The trial court concluded that the plaintiff failed to prove that any negligence of the defendant driver was the proximate cause of his injuries and that they were proximately caused by the plaintiff's own negligence. Obviously the immediate cause of the accident was the conduct of the plaintiff in running or jumping backward over the intervening space between the position in which he was standing and the course of the car. We cannot say as matter of law that in so doing he was not guilty of negligence which was a proximate cause of the accident. Whatever our conclusion might be as to the negligence of the defendant driver, the plaintiff was not entitled to recover.

There is no error.